UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL VAN AELSTYN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COLEMAN SPARKS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Defendants Coleman Sparks and Scott Carnes have moved to dismiss Plaintiff Michael Van Aelstyn's substantive due process claim under the Fourteenth Amendment to the United States Constitution. [Record No. 4] They contend that the correct cause of action for the plaintiff's alleged recovery is a Fourth Amendment claim for malicious prosecution claim. [*Id.*] Van Aelstyn counters that his substantive due process claim is viable under a "shocks the conscience" theory. [Record No. 5] The defendant's motion will be granted because a specific constitutional provision, i.e., the Fourth Amendment to the United States Constitution, is applicable.

**I. Background**

The following facts are taken as true for purposes of evaluating the defendants' motion. At times relevant to this action, Van Aelstyn was a special agent employed by the Federal Bureau of Investigation. Stephanie Gibbon, Van Aelstyn's former girlfriend, was "heavily intoxicated" one evening and began arguing with Van Aelstyn. And Van Aelstyn recorded the argument. [Record No. 5] Officer Coleman Sparks of the Versailles Police Department

subsequently conducted an unrelated traffic stop of Gibbon and her daughter. Gibbon mentioned her earlier "blowout" with Van Aelstyn to the officer and falsely claimed that Van Aelstyn caused her to "scratch" her back. [*Id.* at 2.] Officer Sparks asked if she wanted to report the altercation, but Gibbon declined. The officer nonetheless returned to his vehicle with Gibbon's license and contacted another officer regarding the purported altercation.

Officer Sparks "repeatedly emphasized the plaintiff's job as an 'FBI agent' and explained how he wanted to 'trick' Gibbon and her daughter into providing more information about Plaintiff." [*Id.*] After speaking alone with Gibbon's daughter about Van Aelstyn, Officer Sparks completed the traffic stop but failed to return Gibbon's license. Gibbon drove to the police station later that evening to retrieve her license, which led to a fifteen-minute interview with Gibbon regarding the "FBI agent" Van Aelstyn. [*Id.* at 3.] Gibbon alleged during the second interview that Van Aelstyn not only injured her back but also twice choked Gibbon. But she again declined to file a report over the incident.

Officer Sparks and Sergeant Scott Carnes requested to interview Van Aelstyn a few hours later at 4:16 a.m., and the plaintiff agreed. Van Aelstyn explained that Gibbon was the aggressor and showed them property damage purportedly caused by Gibbon. Further, Van Aelstyn offered his recording of the incident to support his assertions, but officers declined to review or "take it into evidence" the recording. [*Id.* at 4.]

Officer Sparks met with Gibbon and her sister a couple of weeks later. Gibbon's statement was inconsistent with her previous assertion, and she admitted to committing various crimes against Van Aelstyn. Officer Sparks "took no action to investigate these matters, and laughed when Gibbon explained her prior threats of violence to the Plaintiff." [*Id.* at 6

(emphasis omitted).]  And to compound matters, the defendants allegedly further failed to interview key witnesses.

Based on Gibbon's earlier remarks, Officer Sparks subsequently initiated a criminal citation against Van Aelstyn for assault in the first degree with minor injury and strangulation in the first degree; however, a grand jury found that the government lacked probable cause for the charges.

Van Aelstyn initiated this civil action May 10, 2023, alleging due process and equal protection violations under the Fifth and Fourteenth Amendments and pursuant to 42 U.S.C. § 1983.  [Record No. 1]  However, he concedes that the Fifth Amendment does not apply to this matter because the defendants are state actors.  Van Aelstyn further clarifies that his allegation of police officers' failure to arrest Gibbon is merely evidence and not a separate claim. For relief  The defendants indicate that they are not challenging Van Aelstyn's equal protection claim at this stage of litigation.  Thus, the single remaining issue is whether Van Aelstyn's substantive due process claim survives the present motion for partial dismissal.

## II. Standard of Review

This Court must determine whether the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" when considering the motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Generally, the plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).  The Court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

### III. Discussion

The defendants contend that Van Aelstyn's substantive due process claim is improper because a Fourth Amendment malicious prosecution claim is applicable. [Record No. 4] But as noted, Van Aelstyn counters that his substantive due process claim survives because the officers' actions "shock the conscience." [Record No. 5]

"[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *see also Albright v. Oliver*, 510 U.S. 266, 273 (1994). The United States Court of Appeals for the Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006) (quoting *Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003)). A cognizable claim of malicious prosecution "require[s] proof that: (1) the defendant 'made, influenced, or participated in the decision to prosecute'; (2) the government lacked probable cause; (3) the proceeding caused the plaintiff to suffer a deprivation of liberty; and (4) the prosecution ended in the plaintiff's favor." *Lester v. Roberts*, 986 F.3d 599, 606 (6th Cir. 2021) (citing *Jones v. Clark County*, 959 F.3d 748, 756 (6th Cir. 2020)).

Van Aelstyn appears to contend that he has a viable malicious prosecution claim under the Fourth Amendment (which has not been pled) but his substantive due process claim

survives because the officers' actions "shock the conscience." "[C]onduct that 'shocks the conscience' may, in some instances, give rise to a substantive due process claim." *Davis v. Gallagher*, 951 F.3d 743, 752 (6th Cir. 2020) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). "But the 'shocks the conscience' standard is not an exception to the rule that claims must be brought under specific constitutional provisions if one is applicable. Rather, it is the rubric for analyzing claims that do not arise under specific constitutional provisions." *Id.* "[B]ecause [the Sixth Circuit] has held that a federal malicious-prosecution claim does arise under the Fourth Amendment (and not the Due Process Clause), [this Court is] bound by that decision and must consider Fourth Amendment principles when defining the scope of the claim." *Howse v. Hodous*, 953 F.3d 402, 408 n.2 (6th Cir. 2020).

### IV. Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendants' motion for partial dismissal [Record No. 4] is **GRANTED**. Plaintiff Michael Van Aelstyn's substantive due process claim asserted under the Fourteenth Amendment to the United States Constitution is **DISMISSED**.

Dated: July 28, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky