UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL VAN AELSTYN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COLEMAN SPARKS, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Van Aelstyn has filed a motion to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. [Record No. 8] Through the Amended Complaint the plaintiff seeks to assert two new claims: one arising under the Fourth Amendment and the other for malicious prosecution claim under Kentucky law. [Record No. 8] Additionally, he attempts to bolster a Fourteenth Amendment substantive due process claim that this Court dismissed on July 28, 2023. [Record No. 6]

Defendants Coleman Sparks and Scott Carnes acknowledge the plaintiff's ability to amend his Complaint to add the additional claims; however, they contest Van Aelstyn's attempt to reassert his previously dismissed Fourteenth Amendment substantive due process claim. [Record No. 10] In response, Van Aelstyn contends that this claim arises from the defendants' *pre*-seizure conduct, a distinction he argues was unclear when this Court dismissed it. [Record No. 13].

The Court grants leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "on a determination that the amended complaint suffer[s] from the same infirmities as the original complaint and thus would not withstand a motion to dismiss . . . ." the court may deny a motion for leave to amend. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993).

Here, with respect to the new claims arising under the Fourth Amendment and state law, there is no apparent undue delay, bad faith, undue prejudice, unreasonable repeated failure to cure deficiencies, or futility based upon the allegations in the Complaint. However, the reasserted Fourteenth Amendment substantive due process claim is not materially different from the claim previously dismissed. [Record No. 6] The plaintiff contends that the defendants' *pre*-seizure conduct, separate and distinct from the Fourth Amendment malicious prosecution claim, rises to the level of "conscience shocking" behavior such that it deprived him of his Fourteenth Amendment substantive due process rights. [Record No. 8] But, as the Sixth Circuit has recognized, claims of malicious prosecution recognized under the Fourth Amendment are not limited to *post*-seizure conduct, rather they encompass "wrongful investigation." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006). As such, Plaintiff's claims are more appropriately grounded in a Fourth Amendment claim, and not under Fourteenth Amendment substantive due process. As previously explained, a claim must be

brought under a specific constitutional provision when one is available. [*See* Record No. 6, p. 5 (citing *Davis v. Gallagher*, 951 F.3d 743, 752 (6th Cir. 2020).] Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Van Aelstyn's motion to file an amended complaint [Record No. 8] is **GRANTED** with respect to his request to assert claims under the Fourth Amendment and state law. The motion is **DENIED** with respect to his attempt to reassert a Fourteenth Amendment substantive due process claim.

2. Plaintiff Van Aelstyn may file an Amended Complaint consistent with this Memorandum Order no later than **Friday, September 15, 2023**.

Dated: September 5, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky