UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL VAN AELSTYN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-136-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COLEMAN SPARKS, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is pending for consideration of Plaintiff Michael Van Aelstyn's motion to exclude certain testimony of the defendants' proposed rebuttal expert witness, Robert Young. [Record No. 58] The motion has been fully briefed. [Record Nos. 70 and 75] It will be granted for the reasons that follow.

This case involves alleged violation of the civil rights and malicious prosecution of Plaintiff Van Aelsytn by Defendants Coleman Sparks and Scott Carnes.  The defendants, both Versailles police officers, were involved in an investigation that ultimately led to domestic violence charges against Van Aelsytn, while the plaintiff held evidence that allegedly pointed to his innocence. [Record No. 17, p. 6]  The parties dispute whether this evidence was properly provided to, or adequately examined by, the defendants.  [Record No. 20, p. 3]  Van Aelstyn was arrested, and the allegations were brought before a grand jury, which opted not to indict him on any charges.  [Record No. 17, p. 10]

The defendants intend to call Versailles Police Department Assistant Chief Robert Young as a rebuttal expert.  He is expected to testify, among other things, that "the actions

taken by Defendants in regard to the investigation of Plaintiff Michael Van Aelstyn were consistent with . . . Kentucky law, and the United States Constitution." [Record No. 58-1, p. 1]

"It is the responsibility of the court, not testifying witnesses, to define legal terms." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). And this Court is bound by Sixth Circuit precedent "'requiring exclusion of expert testimony that expresses a legal conclusion.'" *Id.* (quoting *Hygh v. Jacobs,* 961 F.2d 359 (2d Cir.1992)). Legal conclusions are excluded "when the witness explicitly testifies, in 'specialized' legal terminology, that a defendant violated (or did not violate) the law." *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 317 (6th Cir. 2019).

Van Aelstyn argues allowing Robert Young to testify that the defendants' actions were legal or "consistent with Kentucky law and the United States Constitution" would constitute a flagrant and inappropriate "legal conclusion." [Record No. 58, p. 3-4] But the defendants assert in response that "Young may not express legal conclusions in his testimony and . . . they will not seek to elicit such testimony" [Record No. 70, p. 3] and that Young may not "conclude that Sargent Carnes or Officer Sparks ultimately violated the constitution [but] he may opine as to whether they, as his subordinates, complied" with Versailles Police Department policies. [*Id.* at 4] In reply, the plaintiff state that "it is thus unclear if Defendants concede that Young may not offer this testimony" but the plaintiff "makes no argument to exclude the testimony as to VPD policy[]." [Record No. 75, p. 2]

The parties do not disagree that Young's initial proposed testimony that the defendants acted consistently with Kentucky law and the United States Constitution would amount to a legal conclusion. [Record No. 58-1, p. 1] Also, they do not disagree that such a bright-line

legal conclusion would be impermissible testimony because accepting that assertion as true would be tantamount to instructing the jury the defendants did not violate the law. *See Berry*, 25 F.3d at 1353. Accordingly, it is hereby

**ORDERED** that the plaintiff's motion to exclude certain testimony [Record No. 58] is **GRANTED**. Robert Young may *not* testify regarding whether the defendants' actions were consistent with Kentucky law or the United States Constitution.

Dated: December 4, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky